# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRUCE SCOTT OMAN,

    Plaintiff,

vs.

JEREMY T. BOSLER, *et al.*,

    Defendants.

3:09-cv-00444-LRH-VPC

**ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* has been granted. (Docket #3). The Court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim

1  that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In
2  making this determination, the Court takes as true all allegations of material fact stated in the
3  complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v.*
4  *Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less
5  stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9
6  (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica*
7  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8       All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
9  prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
10 conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of
11 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful
12 factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,
13 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

14 **II.  The Instant Complaint**

15      Plaintiff names the following persons as defendants to this action: Washoe County Deputy
16 Public Defenders Jeremy Bosler, Chris Fortier, Jennifer Lunt, Roger Whomes, and Washoe County
17 District Judge Harold Albright. The allegations of the complaint arise from criminal charges, and
18 related court proceedings, against plaintiff.

19      Plaintiff claims that Judge Albright set an excessive bail that violated his Eighth Amendment
20 rights. Judges are absolutely immune from damages actions for judicial acts taken within the
21 jurisdiction of their courts. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *Imbler v.*
22 *Pachtman*, 424 U.S. 409, 418 (1976). Plaintiff's claim against Judge Albright will be dismissed,
23 without leave to amend.

24      Plaintiff also alleges that his defense attorneys are not representing him effectively in the
25 criminal proceedings on the conviction for which he is currently incarcerated. When a prisoner
26 challenges the legality or duration of his custody, or raises a constitutional challenge which could
27 entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v.*
28 *Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct.

1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.  Plaintiff has not, and indeed, cannot allege that his conviction has been reversed or otherwise invalidated.

### III. Conclusion

Plaintiff fails to state a cognizable civil rights claim.  Because amendment would be futile, this action is being dismissed with prejudice and without leave to amend.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

DATED this 18th day of June, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3